66 F.3d 346
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Lonnie BARNES, Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
 No. 95-3483.
 United States Court of Appeals, Federal Circuit.
 Sept. 13, 1995.
 
 Before NEWMAN, Circuit Judge, BENNETT, Senior Circuit Judge, and BRYSON, Circuit Judge.
 OPINION
 PER CURIAM.
 
 
 1
 Lonnie Barnes appeals from the Merit Systems Protection Board's decision, No. DC831E940507-I-1, affirming the decision by the Office of Personnel Management (OPM) to deny his request for reconsideration as untimely filed. Because Mr. Barnes' request was late and because he does not satisfy the requirements for waiver of that limitation, the decision of the Board is affirmed.
 
 
 2
 Mr. Barnes worked as an operating accountant for the Department of Housing and Urban Development. Although he lost that job in 1987 due to disability, he did not apply for disability retirement benefits from OPM until 1993. OPM denied his request as untimely.
 
 
 3
 In its letter of August 25, 1993, denying Mr. Barnes' application, OPM apprised Mr. Barnes of his right to request reconsideration. It also warned, "A request for reconsideration must be received within 30 days of this letter." Mr. Barnes solicited the help of United States Representative Eleanor Holmes Norton in requesting reconsideration. Representative Norton wrote to OPM and asked that it reconsider its decision.[1] Although that letter was dated September 21, it was not stamped received by OPM until September 30, 1993.
 
 
 4
 Mr. Barnes contended that OPM should consider the request for reconsideration timely because it was made in a letter dated within the time limit and because, he alleged, the letter was mailed within the time limit. The OPM administrative judge rejected his argument. At the Board the two judges could not agree, and therefore affirmed the decision of the administrative judge.
 
 
 5
 We may reverse the Board's decision only if it is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. Sec. 7703(c) (1988). The applicable regulations explicitly require that any request for reconsideration "be received by OPM within 30 calendar days from the date of the original decision." 5 C.F.R. Sec. 831.109(e)(1) (1995). Neither the regulation nor any interpretation of that regulation indicates that it is sufficient for a request to be postmarked within the thirty-day period. Therefore, it does not matter when Representative Norton's letter was mailed.
 
 
 6
 A delay in filing a request for reconsideration may be excused if the applicant was not notified of the time limit or was prevented from meeting the time limit by circumstances beyond the applicant's control. 5 C.F.R. Sec. 831.109(e)(2) (1995). OPM's letter of August 25, 1993, put Mr. Barnes on notice of the thirty-day time limit. There is no evidence of circumstances beyond Mr. Barnes' control. Therefore, there is no basis under Sec. 831.109(e)(2) to extend the thirty-day time limit. Mr. Barnes' request for reconsideration was untimely filed, and OPM was correct in relying on this tardiness to deny his request where there was no showing of lack of notice or circumstances beyond the applicant's control. The Board's decision affirming OPM was not arbitrary and capricious and is therefore affirmed.
 
 
 
 [1]
 Representative Norton did not, however, point to any evidence of mental incompetence, which is the only basis for waiving the time limits on a request for disability retirement compensation. See 5 U.S.C. Sec. 8337 (1995)